RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/6/15 yf

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

EDDIE L. WILLIAMS (#338073)     DOCKET NO. 1:14-CV-3204; SEC. P

VERSUS     JUDGE DRELL

WARDEN     MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se petitioner Eddie L. Williams is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, incarcerated at the Louisiana State Penitentiary at Angola, Louisiana. He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on November 6, 2014. Petitioner attacks his 1994 conviction in the Ninth Judicial District Court, Rapides Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court.

*Procedural History*

Petitioner is serving a life sentence for second degree murder. His conviction was affirmed on appeal in State v. Williams, 649 So.2d 177 (La.App. 3 Cir. 1995). Petitioner did not seek further review in the Louisiana Supreme Court.

Petitioner filed an application for post-conviction relief in the 9th Judicial District Court in 2012, claiming that the State had failed to disclose evidence of a plea deal it had made with a witness, Derrick Henry, in exchange for Henry's testimony at

Petitioner's trial. [Doc. #1-1, p.35/97] A hearing on the post-conviction application was conducted on February 25, 2013. At the hearing, Derrick Henry testified that he had lied under oath when he testified against Petitioner in 1994. He also testified that he had admitted lying, in writing, to Petitioner in as early as 2003. [Doc. #1-2, p.47-48/92] The trial court denied relief in written reasons dated March 14, 2013. [Doc. #1-2, p.87/92]

Petitioner sought writs in the Louisiana Third Circuit Court of Appeals. [Doc. #1-2, p.15/92] The Third Circuit found that the application for post-conviction relief had been untimely filed. The appellate court noted that *Petitioner was informed of the alleged Brady violation several years prior to his filing the application in 2012.* [Doc. #1-2, p.15/92] "Late realization that a trial error has occurred does not qualify as an exception to the La.CodeCrim.P. art. 930.8 time limits of newly discovered evidence." [Doc. #1-2, p.15/92] Therefore, the writ application was denied. The Louisiana Supreme Court also denied writs, noting that the result was correct. State ex rel. Eddie L. Williams v. State, 149 So.3d 788, 2014-0154 (La. 10/3/14)("Denied. Result correct.").

### *Law and Analysis*

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a **one year** statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as

2

petitioner, who are in custody pursuant to the judgment of a State court. This limitations period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A). The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. See <u>Ott v. Johnson</u>, 192 F.3d 510, 512 (5th Cir.1999); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir.1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. See <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir. 1998). Federal courts may raise the one-year time limitation *sua sponte*. See <u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1999).

Petitioner's conviction was affirmed on direct appeal by Louisiana's Third Circuit Court of Appeals on February 1, 1995. <u>State v. Williams</u>, 649 So.2d 177 (La.App. 3 Cir. 1995)(table). He did not seek further review in the Louisiana Supreme Court. Thus, for AEDPA purposes, Williams' judgment of conviction and sentence became final by the expiration of the time for seeking direct review, or thirty days following February 1, 1995, on or about March 3, 1995. Since the AEDPA and the timeliness provision

3

codified at §2241(d) did not take effect until April 24, 1996, and Petitioner's conviction was final prior to that date, Petitioner would have had a one-year grace period form the effective date, or until April 24, 1997, to file an application for writ of habeas corpus in federal court. See Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir.1999); Flanagan v. Johnson, 154 F.3d 196 (5th Cir.1998). Thus, relying on the grace period, Petitioner had until April 1997 to file his habeas corpus petition.  Based on the pleadings and exhibits provided, it does not appear that Petitioner had any post-conviction or collateral review pending during the "grace period," which could have paused the running of the limitations.  Moreover, his post-conviction application was untimely, and only a properly filed application for post-conviction relief can pause the running of the period of limitations.  28 U.S.C. § 2244(d)(2); Ott v. Johnson, 192 F.3d 510, 512 (5th Cir.1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir.1998)  Based on the foregoing, it is evident that Williams' habeas petition is time-barred.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th

Cir. 1999)(quotation marks omitted). The Supreme Court has noted, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently', and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir.1991)).

Petitioner has not alleged that he was prevented in any way from asserting his rights by timely filing his habeas claim or post-conviction application. Although Petitioner alleges a Brady violation in the State's failure to disclose a deal with witness Derrick Henry, it is clear that Petitioner was aware of the Brady violation as early as 2003, when Henry informed Petitioner of the false testimony and the deal he had made with the State. [Doc. #1-1, p.35/97] Petitioner did not see post-conviction relief until around ten years later, in 2012, and he did not file a habeas petition until 2014. Nothing of record supports equitable tolling of the statute of limitations in the instant case.

Because Petitioner has not shown that he is entitled to equitable tolling, his *habeas* claim is barred by the timeliness

5

provisions codified at 28 U.S.C. § 2244(d).

For the forgoing reasons, **IT IS RECOMMENDED** that this petition for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District

Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  See 28 U.S.C. §2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

    **THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 6th day of January, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE